```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Ryan McGinnis,                      :

    Plaintiff,                  :

  v.                               :    Case No. 2:11-cv-00670

Rentech Solutions, Inc.,            :    MAGISTRATE JUDGE KEMP

    Defendant.                  :


OPINION AND ORDER

    Plaintiff Ryan McGinnis, a professional photographer, filed this suit against Defendant Rentech Solutions for copyright infringement in connection with Rentech Solutions' alleged use of Mr. McGinnis's 2006 photograph of the Lincoln, Nebraska skyline. Mr. McGinnis filed a motion for default judgment on January 9, 2012. On January 28, 2012, Rentech filed a motion for leave to file answer *instanter* and a memorandum in opposition to Mr. McGinnis' motion for default judgment. The motion for default judgment and the motion for leave to file answer have been fully briefed. The case has been referred to the Magistrate Judge for adjudication with the consent of the parties. For the reasons that follow, the motion for default judgment will be denied and the motion for leave to file answer *instanter* will be granted.

I.  Background

    The following procedural facts are relevant for the purposes of the motion for default judgment and the motion for leave to file answer *instanter*.

    On July 25, 2011, Mr. McGinnis filed his complaint. Rentech was served on October 11, 2011, making its answer due in early November. Rentech retained counsel in November, 2011, after which counsel for the parties discussed settlement. Those discussions stalled in late November, 2011.

On December 9, 2011, Rentech, recognizing that the answer date had passed, filed an answer along with a motion for leave to file that answer *instanter*.  That motion was denied without prejudice on December 12, 2011, for failure to comply with Local Rule 7.3, which requires that consent of the opposing party be solicited for any motion which might reasonably be thought to be unopposed.  Rentech did not promptly renew its motion.

On January 9, 2012, when no answer or renewed motion for leave to file an answer had been filed, Mr. McGinnis asked the Clerk to enter default and moved for default judgment. On January 28, 2012, Rentech responded by filing another motion for leave to file answer instanter and a memorandum in opposition to Mr. McGinnis's motion for default judgment.  As noted above, both motions are fully briefed, the last memorandum having been filed on February 14, 2012.

## II.  Legal Standard

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Although there has been no entry of default on the docket, Rentech is technically in default pursuant to Rule 55(a).  See, e.g., Dassault Systems, SA v. Childress, 663 F.3d 832, 839 (6th Cir. 2011) ("Once a defendant fails to file a responsive answer, he is in *default*, and an entry of *default* may be made by either the clerk or the judge.  A *default judgment* can be entered by the clerk only if a claim is liquidated or, if a claim is unliquidated, by the judge after a hearing on damages").  Where, as here, there is a motion for default judgment and an opposition to that motion, such opposition may be treated as a motion to set

aside entry of default. United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 844 (6th Cir. 1983).

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In determining whether good cause exists, the Court must consider the following: (1) whether the opposing party will be prejudiced if the default is set aside; (2) whether the defaulting party has a meritorious defense; and (3) whether culpable conduct on the part of the defaulting party led to the default. United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d at 845 (citations omitted); see also Dassault Systems, SA, 663 F.3d at 839. Although these factors also apply to a motion to set aside a default judgment pursuant to Rule 60(b), the standard for applying those factors is less demanding under Rule 55(c). Dassault Systems, SA, 663 F.3d at 839 (citation omitted). Further, there is a "general preference" for judgments on the merits as opposed to default judgments. Id. at 841.

### III.  Discussion
#### A.  Prejudice

In order for a party to show prejudice from the setting aside of a default, a showing of delay in tendering a response is insufficient. United Coin Meter Co., 705 F.2d at 845 ("[m]ere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment"). An argument that delay will result in increased litigation cost if the case is allowed to proceed to resolution on the merits does not amount to prejudice that would support an entry of default. United States v. $22,050.00 United States Currency, 595 F.3d 318, 325 (6th Cir. 2010). Rather, to be deemed prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion."

Thompson v. American Home Assur. Co., 95 F.3d 429, 433-34 (6th Cir. 1996) (citation omitted).

Mr. McGinnis has not claimed that setting aside the default would result in loss of evidence, create discovery difficulties, or increase the chances for fraud.  Rather, Mr. McGinnis claims that he has been prejudiced due to Rentech's delay and by the expenditures he incurred from serving Rentech with the complaint, filing a motion for default, and replying to Rentech's motion to file answer *instanter*.  However, such costs "would naturally occur in all cases of setting aside default," and accordingly, are insufficient to establish prejudice.  United States v. $22,050.00 United States Currency, 595 F.3d at 325.  Therefore this factor weighs in Rentech's favor.

### B. Meritorious Defense

The second United Coin factor considers whether or not the defendant has a meritorious defense.  To establish a meritorious defense, the defaulting defendant must simply state a defense that is "good at law."  United Coin Meter Co., 705 F.2d at 845 (6th Cir. 1983).  The likelihood of success is not a determining factor in deciding that a defense is meritorious.  Id.  Rather, "the criterion is merely whether 'there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" Dassault Systemes, SA v. Childress, 663 F.3d 832, 843 (6th Cir. 2011) (citations and internal quotations omitted).  "Thus, even conclusory assertions may be sufficient to establish the 'hint of a suggestion' needed to present a meritorious defense."  Id.

Rentech, in its proposed answer, denies the allegation that it committed copyright infringement by wrongfully using Mr. McGinnis's photograph on its website.  The proposed answer also asserts affirmative defenses including that the complaint fails to state a claim upon which relief can be granted and that

-4-

service of process was insufficient.  Venue and jurisdiction are also denied.  However, in its motion, Rentech does not address this factor or explain what its proposed defenses are based on.

It is generally true that "mere denial of the claims asserted in the complaint, and nothing more, does not amount to even a 'hint of a suggestion' that the defendant can dispute the allegations in the complaint." Clarendon Ltd. v. Foster, 7 F.3d 232, *7 (6th Cir. Sept. 2, 1993), citing Smith v. Comm'r, 926 F.2d 1470, 1480 (6th Cir. 1991).  On the other hand, more recently, the Court of Appeals has concluded that a potentially meritorious defense has been advanced though a general denial of the key allegations of the complaint, without additional factual support for that denial, noting that "our cases discussing meritorious defenses in the context of setting aside default do not require that a defense be supported by detailed factual allegations to be deemed meritorious." United States v. $22,050.00 U.S. Currency, 595 F.3d 318, 326 (6th Cir. 2010). Certainly, if it is not true that Mr. McGinnis has a copyright for the photograph, or Rentech did not use it, the outcome of the case could favor Rentech.  Further, the Court notes some concern about venue, given that Rentech's place of business appears to be in the Northern District of Ohio, and Rentech has denied doing business in this district.  These factors, taken together, are enough to support the conclusion that Rentech has satisfied (although barely) the second part of the United Coin inquiry.

### C.  Culpable Conduct of the Defendant

Finally, with respect to the culpable conduct of the defaulting party, if the other two factors generally favor setting aside the default, the Court may accept any "credible explanation for the delay that does not exhibit disregard for the judicial proceedings." Shepard Claim Service, Inc. v. William Darrah & Associates, 796 F.2d 190, 195 (6th Cir. 1986).  In other

words, "a court considers . . . defendant's culpability, in the general context of determining whether a petitioner is deserving of equitable relief." Waifersong, Ltd. v. Classic Music Vendors, 976 F.2d 290, 292 (6th Cir. 1992).

"To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." Shepard Claim Service, 796 F.2d at 194. In determining if the conduct is culpable, the Court may consider the length of delay beyond the deadlines, and also whether or not the conduct has established a "pattern of disregard for court orders or rules." Id. Carelessness, without some expressed intent to impede proceedings, is not sufficient to constitute culpable conduct. Id.

Rentech asserts that during the period preceding the deadline to file an answer, it was a *pro se* defendant without an understanding of the applicable Federal Rules of Civil Procedure. Although prior cases have held that regardless of whether a defendant is *pro se*, no defendant is excused from following the federal court's procedural and evidentiary rules, Graham-Humphreys v. Memphis Brooks Museum Of Art Inc., 209 F.3d 552, 561-62 (6th Cir. 2000), there is always the possibility that a *pro se* litigant's failure to file a timely answer may be due to a lack of understanding of "the none-too-intuitive labyrinth of procedural rules," rather than an intent to undermine judicial proceedings or disregard the rules. Dassault Systemes, SA v. Childress, 663 F.3d 832, 841 (6th Cir. Mich. 2011).

After the initial deadline passed, Rentech's actions appear to have been aimed at resolving the dispute with Mr. McGinnis rather than disregarding judicial proceedings. Shortly after the deadline for filing an answer, Rentech sought and obtained counsel, who immediately began settlement talks with Mr.

McGinnis's counsel.  A few weeks after settlement talks ceased, Rentech filed its first motion for leave to file an answer *instanter*, which occurred before any request for default had been filed.  The second motion did follow a request for default, but not by an unduly lengthy period of time.

In the absence of an expressed attempt the thwart judicial proceedings, Rentech should not be deemed culpable for counsel's "neglect [or] inattention."  <u>Shepard Claim Service</u>, 796 F.2d at 195.  Furthermore, Rentech's delays in filing were relatively brief, in contrast with defendants who lingered in ignorance for months before responding to a complaint.  <u>See, e.g., Southern Electrical Health Fund v. Bedrock Services</u>, 146 Fed. Appx. 772, 777 (6th Cir. August 16, 2005)(defendant's conduct was found to be culpable where defendant waited eight months to respond to the complaint, the motion for entry of default, the entry of default and subsequent motions).  Therefore this final factor also weighs in favor of allowing Rentech to file an answer.

###      IV.   Conclusion and Order

For the reasons set forth above, the Court denies Mr. McGinnis's motion for default judgment (#13) and grants Rentech Solutions' motion for leave to file answer instanter (#14).  Mr. McGinnis's motion request to the clerk to enter a default (#12) is denied as moot.

/s/ Terence P. Kemp
United States Magistrate Judge